VÍCTOR M. MERCADO, Plaintiff and Appellee, *v.* HULL DOBBS CORPORATION, Defendant and Appellant.

No. CE-63-39.     Decided September 30, 1964.

842

*B. Sánchez Castaño, B. Sánchez Rivera, Carlos R. Vélez,* and *Ana R. Rodríguez Olazagasti* for appellant. *Manuel Janer Mendía* and *Ramón R. Lugo Beauchamp* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: Víctor M. Mercado, appellee herein, filed a complaint against appellant Hull Dobbs Corporation, in the

District Court, San Juan Part, claiming compensation for unjustified discharge. The respondent party denied the non-existence of just cause and affirmatively alleged as defense that appellant's discharge from employment was due to "economic reasons."[1]

After a hearing was held the District Court decided that "incontrovertible evidence on the general balance sheet of the Service Department of the respondent Hull Dobbs Company of San Juan on the day of petitioner's discharge reflects a deficit between the income which said branch produced and the expenditures and disbursement incurred for operation, that is, that the expenses in said branch were greater than the income" and that for that reason it was necessary to dispense with claimant's services to reduce the expenses. Expressly it decided that there was no evidence tending to show that the discharge was due to other reasons nor that the same was unjustified. Petitioner appealed from the judgment adverse to his claims.

In a brief judgment the Superior Court stated that the only question to be decided was whether the discharge for economic reasons exonerated the employer from the payment of wages. It is interesting to note that the court merely considers the sole question of law which it dismisses with the simple pronouncement that "The discharge for economic reasons is not justified." Upon request for reconsideration of the judgment the court apparently enters into considerations of the evidence and then decides that "In this case the discharge was not justified. According to the evidence said

---

[1] Section 3 of Act No. 50 of April 20, 1949, 29 L.P.R.A. § 185, expressly requires that the employer shall specify in his answer the facts which caused the dismissal and also imposes upon him the weight of the evidence to show that he was justified in his action. *Cf.* § 24 of Act No. 96 of June 26, 1956, 29 L.P.R.A. (Supp.) §. 245w.

The previous legislation on the matter—Act No. 43 of April 28, 1930 (Sess. Laws, p. 356), as amended by Act No. 84 of May 12, 1943 (Sess. Laws, p. 196)—did not contain similar provisions.

worker was discharged under circumstances [which it does not specify] which rather show the desire to dispense with his services. *The evidence does not show the concealed reason for the discharge.* After he was discharged other employees were hired and defendant pursued its activities at all times". (Italics ours.) Consequently, the judgment rendered reversing the one pronounced by the District Court was ratified. We issued writ of certiorari to review said action.

In *Morales* v. *Superior Court*, 84 P.R.R. 119, 125 (1961), we called attention to the fact that in considering, on appeal, the judgments rendered by the District Court, the Superior Court is subject to the same limitations that this Court has traditionally imposed on itself with respect to the weighing of oral testimony made by the respondent court. The findings of the trial court should not be arbitrarily discarded or substituted by the criterion of the appellate court unless they lack sufficient support in the evidence introduced. The statement of the case prepared by the District Judge amply supports the conclusion that the discharge was due to economic reasons.[2] There is no justification to ignore it. So much so that the respondent judge himself merely refers to a "concealed reason" which the evidence

---

[2] Among other things, James R. Schindledeker, Manager of defendant's service division, testified that on the date of plaintiff's dismissal said department was operating under loss; that as petitioner was the most recently appointed employee he was suspended after consulting the managers of the corporation and the officials of the acknowledged Union, who agreed with the discharge; that subsequent to 4 or 5 months of the discharge the situation of the Department improved and it took steps to reinstate Mercado, but he was away from Puerto Rico.

The petitioner insinuated that the discharge occurred immediately after a license which was granted to him to attend a National Guard Camp. However, Schindledeker himself had previously answered on cross-examination that he had personally authorized said license.

As to the persons who were employed subsequent to the discharge, Mercado himself said that his work consisted in going to the wharves to bring the new cars received by the enterprise, but it was made clear that said work was occasional, only one or two days every month.

does not reveal. Probably, conscious of the weakness of said position, petitioner's counselor gives more emphasis to the insufficiency of the evidence and refers to the fact that the only evidence introduced was the testimony of the supervisor, and they failed to introduce what is denominated as the best evidence, that is, general balance sheet to verify authentically the operation under loss in this aspect of the enterprise's business. We cannot agree that it was indispensable. Petitioner was notified of the justification offered by the employer and he had within his reach the means to discover the evidence to prove whether it was true, especially considering that prior to filing the complaint an investigation was performed by the Bureau of Labor Standards of the Department of Labor and that in view of the same explanation offered by the employer's representative no document was requested. From the investigator's testimony it appears that from the mere fact that other persons were employed for occasional work, as we have already explained, he inferred that the discharge was arbitrary.

██ Since 1948 we have said that it is incumbent on the courts to determine, after taking into consideration the facts and special circumstances of each case, whether the discharge was justified or whether it was arbitrary. *P. R. Cap & Tires Sales* v. *District Court*, 68 P.R.R. 370, ratified in *Blanes* v. *District Court*, 69 P.R.R. 106 (1948) and *Mercedes Bus Line, Inc.* v. *District Court*, 70 P.R.R. 656 (1949).[3] Specifically as to the question involved in the present appeal, in *Avilés* v. *District Court*, 69 P.R.R. 1 (1948), we said that the lease, in good faith, of a business to a third person constitutes just cause for the discharge of an em-

---

[3] In *Wolf* v. *Neckwear Corp.*, 80 P.R.R. 519 (1958) we stated that just cause is disloyalty, disobedience of the employer's rules and orders; dishonesty, and incompetence or negligence on the part of the employee. We reject the lack of confidence as just cause for the discharge, overruling the *dictum* to that effect in *Mercedes Bus Line, Inc.* v. *District Court*, 70 P.R.R. 656 (1949).

ployee. And in *P. R. Cap and Tires Sales* v. *District Court, supra,* we decided that the lack of work and activity in the factory of the employer for continuing to utilize the services of a workman authorizes said employer to discharge the workman without being bound to pay him one month's salary as indemnity. We are conscious of the fact that the ground to establish the right to wages is to provide transitory help to the worker while he procures a new employment, but it is no less certain that it is necessary to consider other realities, as the possible economic disability of the employer to defray the wages. Anyway, this is a matter which is rather within the scope of collective bargaining.

The judgment of the Superior Court, San Juan Part, of August 28, 1963, will be reversed, and the case will be remanded for a new judgment affirming the judgment rendered by the District Court, San Juan Part, on January 21, 1963.